IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO.   16 – 053 |
| MIGUEL GAONA-FRANCO : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

      The defendant awaits sentencing for his admitted reentry into the United States, after his lawful deportation, without first obtaining permission of the Attorney General of the United States or the Secretary for Homeland Security.   The government respectfully requests that the Court sentence the defendant of 24 months imprisonment, with a term of supervised release and a fine as deemed appropriate by the Court.   A sentencing hearing in this matter has been scheduled for Thursday, July 7, 2016 at 3:00 PM.

I.      BACKGROUND

      On April 6, 2016, the defendant entered an open guilty plea to one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2), arising from the defendant's reentry into the United States, after his lawful deportation on or about April 22, 2002.   The defendant is a native and citizen of Mexico.   He was placed into deportation proceedings in 2002 following multiple criminal convictions in the State of California for possession and sale of controlled substances.   On November 6, 2015, authorities became aware of the defendant's unlawful reentry and presence in the United States when he was arrested in Bethlehem, Pennsylvania, and charged with driving under the influence.

      The government respectfully recommends that the sentence here include a period

of imprisonment of 24 months which, assuming the Court grants the defendant's unopposed motion for a variance, will be at the low end of the resulting advisory sentencing guideline range of 24 to 30 months.   It is the government's understanding that the defendant shall seek a variance based on a change to § 2L1.2 of the sentencing guidelines that is anticipated to take effect on November 1, 2016.   As discussed in the presentence investigation report ("PSR"), the anticipated change in the guidelines shall reduce from 16 levels to 10 levels the increase to the base offense level that results from the drug-trafficking convictions sustained by the defendant prior to his deportation.   PSR ¶¶ 16, 70-71.   The government does not oppose the defendant's request for such a variance.

II.     SENTENCING CALCULATION.

    A.     Statutory Maximum Sentence.

The total maximum sentence that may be imposed on the defendant is, on Count One, reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2), up to 20 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

    B.     Sentencing Guidelines Calculation.

The United States concurs with the guideline calculation provided in the PSR. Without the variance sought by the defendant, the defendant faces an advisory sentencing guideline range of 46 to 57 months imprisonment, based on a total offense level of 21 and a criminal history category of III.   If the above-referenced variance is granted, the defendant will face an advisory sentencing guideline range of 24 to 30 months imprisonment, based on an adjusted offense level of 15.   It is within this guideline range that the government asks the Court to sentence the defendant.

III. <u>ANALYSIS</u>.

  The defendant engaged in serious criminal conduct.  18 U.S.C. § 3553(a)(2)(A) ("seriousness of the offense").  The defendant is a native and citizen of Mexico.  At some point prior to 1998, when the defendant was 20 years old, he entered the United States unlawfully.  He was subsequently convicted of two separate cases of drug distribution in California.  In 2002, after serving prison sentences on these cases, the defendant was deported from the United States.  On November 6, 2015, his unlawful return and presence in the United States became apparent when he was arrested for driving under the influence in Bethlehem, Pennsylvania.

  This Court may properly take notice of the harms caused to society by defendants who come to this country unlawfully and commit criminal acts while they are here.

  While his drug priors in this country date to the 1990's, the defendant is no stranger to the criminal justice system.  18 U.S.C. § 3553(a)(1) ("history and characteristics of the defendant").  Most recently, in 2015, he was arrested in Bethlehem for driving under the influence.  Each of the defendant's crimes have been committed while he was unlawfully present in the United States.

  The recommended sentence shall also provide significant specific and general deterrence, protecting society from future crimes of the defendant, at least while he is incarcerated, and demonstrating to others the privileges and freedoms afforded by this country do not include unlawfully entering the country and committing crimes once here.  18 U.S.C. § 3553(a)(2) ("adequate deterrence," and "protect the public").

IV. <u>CONCLUSION</u>

  Therefore, in sum, the government requests that the Court sentence the defendant at the low-end of the advisory sentencing guideline range of 24 to 30 months, which shall result if the

Court grants the defendant's motion for variance, with a term of supervised release and a fine as deemed appropriate by the Court.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney


        */s/ John Gallagher*
        JOHN GALLAGHER
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Sentencing Memorandum to be served through the electronic court system upon counsel for defendant:

Maranna J. Meehan
Assistant Federal Defender
Federal Community Defender Office
540 West - The Curtis Center
601 Walnut Street
Philadelphia, PA   19106

*/s/ John Gallagher*
John Gallagher
Assistant United States Attorney

Date: June 29, 2016